UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80581-CIV-RYSKAMP
MAGISTRATE JUDGE P.A. WHITE

JOSE RAFAEL GARCIA,            :

    Plaintiff,             :

v.                             :          REPORT OF
                                           MAGISTRATE JUDGE
PALM BEACH COUNTY SHERIFF'S              (DE#24 & 28)
DEPT.,

    Defendants.            :
_____

## I. Introduction

Jose Rafael Garcia has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, while confined in Okeechobee Correctional Institution. He is proceeding *in forma pauperis*.

This cause is presently before the Court upon the Motion to Dismiss the amended complaint[1] filed by Sheriff Rick Bradshaw (DE#24), and Bradshaw's Motion to Strike the plaintiff's third amended complaint (DE#28).[2]

## II. Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed

---

[1] This amended complaint is docketed as a Preliminary Statement (DE#21).

[2] This Report was done in October, 2010, but not docketed.

if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The facts of the initial complaint, as stated in the Preliminary Report are as follows: the plaintiff alleges that while he was a pre-trial detainee in custody of the Palm Beach County Sheriff's Department he began suffering pain on the left side of his face. He claims that delays in seeing doctors, in spite of the filing of multiple grievances, resulted in pain and blindness in his left eye. He contends that Armor Health Care and the Palm Beach County Sheriff were responsible for the delay in his medical care, and his resulting injuries.[3]

---

[3] It was recommended that Armor Health Care be dismissed as an improper proper defendant in this case.

The plaintiff referred to Sheriff Bradshaw as a defendant in the body of his complaint, and alleged that the Palm Beach County Sheriff knew, or should have known of the denial of his medical treatment, resulting in his severe pain and loss of some vision. [4]

The Preliminary Report found that the plaintiff's allegation that his condition, identified as an optic nerve stroke, was a serious medical condition and the claim that his condition could have been prevented if timely treated, raised sufficient factual allegations at this preliminary stage, to state a claim of denial of adequate medical care at the Palm Beach County Jail.

The complaint however, failed to name the specific person or persons responsible for the alleged denial of adequate medical treatment. The plaintiff, understandably, named the county sheriff as a defendant to enable him to ascertan the identity of an individual within the Palm Beach County Jail who denied him medical care. Therefore it was recommended that the case proceed against Sheriff Bradshaw for the purpose of discovering the identity of the proper defendants; See Brown v. Sikes, 212 F.3d 1205 (11 Cir. 2000) (Supervisory official remained in suit to discover identity of proper defendants).

The plaintiff then filed a Preliminary Statement on August 20, 2010,(DE#21),amending his complaint, and filed an Amended complaint on September 16, 2010 (DE#25).

---

[4]The Palm Beach County Sheriff since January 4, 2005, the time relevant to this complaint, is Rick Bradshaw.

<u>Bradshaw's Motion to Dismiss</u> (DE#24)

The defendant filed a motion to dismiss the plaintiff's Preliminary Statement (DE#21), construed as an amended complaint, on September 7, 2010. Defendant Bradshaw correctly argues that he was named based upon the theory of respondeat superior. The plaintiff makes no direct allegations against Palm Beach County Sheriff Rick Bradshaw, other than he should have known the plaintiff was receiving inadequate medical treatment. Bradshaw cannot be sued for liability merely for an improper or even unconstitutional act of his employees under a theory of <u>respondeat superior</u>. If a plaintiff sues a supervisor, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Mandel v. Doe</u>, 888 F.2d 782 (11 Cir. 1989). The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged. <u>Byrd v. Clark</u>, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing <u>Monell</u>, <u>supra</u>). <u>See also</u>; <u>Ashcroft v Iqbal</u>, <u>supra</u>. (Heightened pleading standard for supervisory liability).

The defendant was served solely to provide the plaintiff an opportunity amend his complaint to name specific defendants responsible for his medical care. He has filed two amended complaints (DE# 21 & 25) naming medical personnel, and the amendments will be screened. There is no reason for Defendant Bradshaw to remain in this case.

### III. <u>Conclusions</u>

It is therefore recommended as follows:

    1. Defendant Bradshaw's Motion to Dismiss (DE#24) be granted, and he be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

    2. Defendant Bradshaw's Motion to Strike the plaintiff's third amended complaint be denied as moot (DE#28), as it has been recommended that this defendant be dismissed from this lawsuit.

    Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

    Dated at Miami, Florida, this 2nd day of December, 2010.

                                              /s/
                                      UNITED STATES MAGISTRATE JUDGE

cc:   Jose Rafael Garcia, Pro se
       Okeechobee CI
       Okeechobee, FL
       Address of record

       Harriet Lewis, Esq
       Lewis Stroud & Deutsch PL
       Attorney for Defendant Bradshaw